**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **NIURKIS E. FRANCO**, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**PROVIDE A RIDE,**<br>4299 Cranwood Parkway<br>Cleveland, Ohio 44128<br><br>and<br><br>**LH'S Provide A Ride, LLC**<br>55 Merriman<br>Akron, OH 44303<br><br>and<br><br>**TJ's Provide A Ride and Services, LLC**<br>130 Miles Ave SW<br>Canton, OH 44710<br><br>Defendants. | ) | Case No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

Representative Plaintiff Niurkis E. Franco ("Representative Plaintiff"), by and through counsel, for her Class and Collective Action Complaint against Defendant Provide A Ride ("Provide A Ride"), Defendant LH's Provide A Ride, LLC ("LH Provide A Ride"), and TJ's Provide A Ride and Services, LLC ("TJ Provide A Ride") (collectively "Defendants"), states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), and Ohio Revised Code Chapter 4111.

2. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of herself and other employees similarly situated." Representative Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b) (the "FLSA Collective").

3. Representative Plaintiff also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually related claims under the OMFWSA and O.R.C. 4113.15 (the "Ohio Class").

## JURISDICTION AND VENUE

4. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

5. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over the Ohio state law claims pursuant to 28 U.S.C. § 1367, because the Ohio claims are so related to the FLSA claims as to form part of the same case or controversy.

7. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 because Defendant is domiciled and conducts business in this district and division, and because a

substantial part of the events or omissions giving rise to Representative Plaintiff's claims occurred here.

## PARTIES

8. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

9. Representative Plaintiff is an adult individual residing in Shaker Heights, Ohio.

10. Representative Plaintiff's written Consent to Join this action is attached as Exhibit A.

11. Defendant Provide A Ride is a business operating in the state of Ohio. Upon information and belief Provide A Ride is not registered as a business entity with the Ohio Secretary of State. Provide A Ride has a principal place of business located at 4299 Cranwood Parkway, Cleveland, Ohio 44128.

12. Defendant LH's Provide A Ride, LLC is a domestic limited liability corporation registered to do business in the State of Ohio. LH's Provide A Ride, LLC may be served via its statutory agent, Landon Harrison, at 55 Merriman Rd, Akron, Ohio 44303.

13. Defendant TJ's Provide A Ride and Services, LLC is a domestic limited liability corporation registered to do business in the State of Ohio. TJ's Provide A Ride and Services, LLC may be served via its statutory agent, Bonnie L. Jackson, at 130 Miles Ave SW, Canton, Ohio 44710.

14. Defendants are transportation service providers based in the Cleveland, Akron, and Canton, Ohio areas.

## FACTUAL ALLEGATIONS

15. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

16. At all relevant times, Representative Plaintiff and those similarly situated were employees of Defendants within the meaning of the FLSA and Ohio law.

17. At all relevant times, Representative Plaintiff and others similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207 and Ohio law.

18. At all relevant times, Representative Plaintiff and those similarly situated were employed by Defendants as non-exempt hourly employees.

19. At all relevant times, Defendants are or were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

20. Upon information and belief, Defendants have had an annual gross volume of sales made or business done not less than $500,000.

21. During their employment with Defendants, Representative Plaintiff and those similarly situated regularly worked more than 40 hours per workweek.

22. When Representative Plaintiff and those similarly situated worked more than 40 hours in one workweek, they were entitled to overtime compensation under the FLSA and the OMFWSA.

23. Representative Plaintiff and those similarly situated were also entitled to payment of all wages earned on a semi-monthly basis under R.C. 4113.15.

Non-discretionary Bonuses

24. In addition to their hourly wages, Representative Plaintiff and others similarly situated were paid non-discretionary "bonuses" on a monthly basis.

25. The bonuses were non-discretionary, based upon attendance and timeliness.

26. Defendants were required to include non-discretionary bonuses when calculating the regular rates of pay for Representative Plaintiff and other similarly situated workers for the purposes of calculating overtime compensation.

27. Defendants did not calculate the bonuses into the regular rates of pay of Representative Plaintiff and other similarly situated workers for the purposes of calculating overtime compensation.

28. As a result, Defendants did not pay Representative Plaintiff and those similarly situated all the overtime compensation that they earned at one and one-half times their properly calculated regular rates for hours worked in excess of 40 in a workweek.

29. Representative Plaintiff and those similarly situated were also entitled to payment of all wages earned in compliance with O.R.C. 4113.15.

## COLLECTIVE ACTION ALLEGATIONS

30. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

31. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), on behalf of the "FLSA Collective."

32. The FLSA Collective members who are "similarly situated" to Representative Plaintiff with respect to Defendants' FLSA violations consist of:

> **All present and former hourly employees employed by Defendant who worked more than 40 hours in a workweek, and**

> **who were paid additional compensation, including, but not limited to, non-discretionary production bonuses during the period three (3) years preceding the commencement of this action through its final disposition ("FLSA Collective").**

33. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were hourly non-exempt hourly employees, and all were subjected to and injured by Defendants' unlawful practice of failing to pay Representative Plaintiff and others similarly situated an overtime premium of one and a half times their regular rate for all hours that exceeded 40 in the workweek. All have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

34. Conditional Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

35. The identities of the putative members of the FLSA Collective are readily identifiable through the payroll records Defendants have maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## CLASS ACTION ALLEGATIONS
## (Ohio Class)

36. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Representative Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> **All present and former hourly employees employed by Defendant who worked more than 40 hours in a workweek, and who were paid additional compensation, including, but not limited to, non-discretionary production bonuses, during the**

**period two (2) years preceding the commencement of this action through its final disposition**.

38. The Ohio Classes are so numerous that joinder of all class members is impracticable. The exact number of class members is unknown, but is estimated to exceed 40 individuals, whose identities are ascertainable from the payroll records Defendants have maintained, and was required to maintain, pursuant to Ohio law.

39. There are questions of law or fact common to the Ohio Class including whether Defendants failed to pay non-exempt hourly employees, such as Representative Plaintiff and those similarly situated, for hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective regular rates.

40. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the Ohio Class as a whole, and predominate over any questions affecting only individual class members.

41. Representative Plaintiff's claims are typical of the claims of other members of the Ohio Class. Representative Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other members of the Ohio Class.

42. Representative Plaintiff and the Ohio Class have all been injured in that they have been uncompensated due to Defendants' common policy, and practice, and willful conduct. Defendants' company-wide policies and practices affected the Ohio Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class's members.

43. Representative Plaintiff will fairly and adequately protect the interests of the Ohio Class. Representative Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class members.

44. Representative Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

46. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the members of the FLSA Collectives who will join this case pursuant to 29 U.S.C. § 216(b).

48. The FLSA requires that hourly and other non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate." 29 U.S.C. § 207(a)(1).

49. Representative Plaintiff and the putative members of the FLSA Collectives should have been paid overtime compensation at the rate of one and one-half times their properly calculated "regular rate" for all hours worked in excess of forty (40) hours per workweek.

50. Defendants miscalculated and underpaid the overtime compensation it paid to Representative Plaintiff and the putative members of the FLSA Collectives by excluding non-discretionary bonuses from the calculation of their "regular rates."

51. At all relevant times, Defendants knew they were required to pay Representative Plaintiff and the putative members of the FLSA Collectives all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

52. By engaging in those practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

53. As a result of Defendants' violations of the FLSA, Representative Plaintiff and the putative members of the FLSA Collective were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT TWO**
**(Ohio Class - Overtime Violations (O.R.C. 4111.03))**

54. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Representative Plaintiff brings this claim for violation of the OMFWSA, on behalf of herself and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

56. At all relevant times, Representative Plaintiff and the Ohio Class's members regularly worked 40 or more hours per workweek for Defendants.

57. As hourly non-exempt employees, Representative Plaintiff and the Ohio Class's members should have been paid overtime compensation at the rate of one and one-half times their properly calculated regular rate of pay when they worked more than 40 hours in a workweek.

58. Representative Plaintiff and the Ohio Class members were not paid overtime compensation at the rate of one and one-half times their properly calculated "regular rate" for all hours worked in excess of forty (40) hours per workweek.

59. Instead, Defendants miscalculated and underpaid the overtime compensation it paid to Representative Plaintiff and the Ohio Class members by excluding non-discretionary bonuses from the calculation of their "regular rates."

60. Based upon the above practices, Representative Plaintiff and the members of the Ohio Class were not paid lawful overtime compensation of one and one-half times their regular rates for all hours worked in excess of 40 in a workweek, resulting in overtime violations of Ohio law.

61. Defendants failed to pay Representative Plaintiff and the members of the Ohio Class the required overtime compensation.

62. At all relevant times, Defendants knew they were required to pay Representative Plaintiff and the members of the Ohio Class all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

63. Defendants' practice and policy of not paying Representative Plaintiff and the members of the Ohio Class for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the OMFWSA.

64. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Representative Plaintiff and the members of the Ohio Class is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

65. As a result of Defendants' violations of the OMFWSA, Representative Plaintiff and the members of the Ohio Class were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

## PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff respectfully requests that the Court:

A. Authorize Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in pursuant to 29 U.S.C. § 216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants, jointly and severally, and in favor of Representative Plaintiff, the putative members the FLSA Collectives, and the Ohio Class;

D. Award Representative Plaintiff, the putative members the FLSA Collectives, and the Ohio Class actual damages for unpaid wages;

E. Award Representative Plaintiff and the putative members of the FLSA Collective liquidated damages equal in amount to the unpaid wages found due to Representative Plaintiff and the putative members the FLSA Collective;

F. Award Representative Plaintiff, the putative members the FLSA Collective, and the Ohio Class pre-judgment and post-judgment interest at the statutory rate;

G. Award Representative Plaintiff, the putative members the FLSA Collective, and the Ohio Class attorneys' fees, costs, and disbursements incurred in prosecuting this action; and

H. Award Representative Plaintiff, the putative members the FLSA Collectives, and the Ohio Class any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**BRIAN G. MILLER CO., LLC**

*/s/ Adam L. Slone*
Adam L. Slone (0093440)
250 W. Old Wilson Bridge Road, Suite 270
Worthington, Ohio 43085
Telephone: (614) 221-4035
Facsimile: (614) 987-7841
Email: als@bgmillerlaw.com

*Counsel for Representative Plaintiff*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Adam L. Slone*
Adam L. Slone (0093440)
*Counsel for Representative Plaintiff*